## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**EMERAUDE McLEAN,**

**Plaintiff,**

**Case No.:**

**vs.**

**COCA-COLA BEVERAGES FLORIDA, LLC,**

**Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, EMERAUDE McLEAN, by and through her undersigned counsel, sues Defendant, COCA-COLA BEVERAGES FLORIDA, LLC, hereinafter referred to as "Defendant" and alleges as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 1367.

2.      Venue lies within United States District Court for the Middle District of Florida, Tampa Division, because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3.      At all times material herein, Plaintiff, EMERAUDE McLEAN, (hereinafter referred to as "Plaintiff"), is/was a resident of Hillsborough County, Florida.

4.      At all times material herein, Defendant, COCA-COLA BEVERAGES FLORIDA, LLC, is/was a Foreign Limited Liability Company, authorized and doing business in Hillsborough County, Florida.

5.      Defendant, COCA-COLA BEVERAGES FLORIDA, LLC, is an employer as defined by the laws under which this action is brought and employs the required number of employees.

6.      Defendant is a joint employer and/or an integrated enterprise/single employer.[1]

## ADMINISTRATIVE PREREQUISITIES

7.      All conditions precedent to bringing this action have occurred.

8.      Plaintiff timely filed a Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

---

[1] Plaintiff intends to add additional Defendants, HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC., d/b/a APPLE ONE and INKTEL CONTACT CENTER SOLUTIONS LLC, upon receipt of a Notice of Right to Sue from the EEOC.

9.      More than 180 days have passed since the filing of the aforementioned Charges.

10.     Plaintiff has received the Notice of Right to Sue from the EEOC.

## GENERAL ALLEGATIONS

11.     At all times material herein, Defendant acted with malice and with reckless disregard for Plaintiff's federal and state protected rights.

12.     At all times material herein, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer – the Defendant.

13.     Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

## FACTUAL ALLEGATIONS

14.     Plaintiff was hired through HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC., d/b/a APPLE ONE for INKTEL CONTACT CENTER SOLUTIONS LLC to work as a Sales Representative at the Coca-Cola bottling center located at 10117 Princess Palm Avenue, Tampa, FL  33610 on or around November 3, 2019.

15.     Plaintiff suffers from a seizure disorder.  On or about December 9, 2019, Plaintiff had a seizure at work.  An ambulance was called and Plaintiff was released shortly after being admitted to the hospital.

16.     That same day, Plaintiff received a voicemail from HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC., d/b/a APPLE ONE stating that HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC., d/b/a APPLE ONE hoped that she felt better, but that INKTEL CONTACT CENTER SOLUTIONS LLC was terminating her employment and did not want her to return to work.

17.     On or around December 11, 2019, Plaintiff met with the hiring Manager at the Coca-Cola facility and was told again that she was terminated in part due to her health.

## COUNT I
## AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 – DISABILITY DISCRIMINATION

18.     Plaintiff realleges and adopts the allegations stated in paragraphs 1 – 17.

19.     Plaintiff is an individual entitled to protection under the Americans with Disabilities Act Amendments of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

20.     Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of her job with Defendant.

21.     By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment

actions against Plaintiff, and discriminated against Plaintiff because of her disability, record of a disability and/or perceived disability.

22.    Defendant's failed to provide Plaintiff with a reasonable accommodation and terminated her on the basis of her disability, record of a disability and/or perceived disability.

23.    The above-described acts of disability discrimination constitute a violation of the ADAAA for which Defendant is liable.

24.    Defendant's unlawful and discriminatory employment practices toward Plaintiff was intentional.

25.    As a direct and proximate result of Defendant's violations of the ADAAA, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff, EMERAUDE McLEAN, prays for judgment against Defendant and for the following damages:

        a.    Back pay and benefits;

        b.    Prejudgment interest on back pay and benefits;

        c.    Front pay and benefits;

        d.    Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

        e.    Punitive damages;

        f.    Attorney's fees and costs; and

g.      For any other relief this Court deems just and equitable.

**COUNT II**
**AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008**
**("ADAAA") RETALIATION**

26.     Plaintiff realleges and adopts the allegations stated in paragraphs 1 – 17.

27.     Plaintiff suffered an adverse employment action (termination) for opposing an employment practice for opposing Defendant's discriminatory treatment of her and for requesting an accommodation, which action is unlawful pursuant to the ADAAA, 42 U.S.C. § 12112, *et seq.*

28.     The above-described acts constitute retaliation, in violation of the ADAAA.

29.     As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages;

e.      Pecuniary and non-pecuniary losses;

f.      Attorney's fees and costs; and

g.      For any other relief this Court deems just and equitable.

**WHEREFORE,** Plaintiff, EMERAUDE McLEAN, prays for judgment against Defendant and for the following damages:

a.   Back pay and benefits;

b.   Prejudgment interest on back pay and benefits;

c.   Front pay and benefits;

d.   Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

e.   Punitive damages;

f.   Attorney's fees and costs; and

g.   For any other relief this Court deems just and equitable.

### COUNT III
### FLORIDA CIVIL RIGHTS ACT – DISABILITY DISCRIMINATION

30.   Plaintiff realleges and adopts the allegations stated in paragraphs 1 – 17.

31.   Plaintiff is an individual entitled to protection under the Florida Civil Rights Act ("FCRA"), Chapter 760, *Florida Statutes*.

32.   Plaintiff is an individual with a disability/handicap.

33.   By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff, and discriminated against Plaintiff because of her disability/handicap, record of a disability/handicap and/or perceived

7

disability/handicap.

34.     Defendant failed to provide Plaintiff with a reasonable accommodation and terminated her on the basis of her disability/handicap, record of a disability/handicap and/or perceived disability/handicap.

35.     The above-described acts of disability/handicap discrimination constitute a violation of the FCRA, for which Defendants are liable.

36.     Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

37.     As a direct and proximate result of Defendant's violations of the FCRA, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff, EMERAUDE McLEAN, prays for judgment against Defendant and for the following damages:

a.     Back pay and benefits;

b.     Prejudgment interest on back pay and benefits;

c.     Front pay and benefits;

d.     Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

e.     Punitive damages;

f.     Attorney's fees and costs; and

g.     For any other relief this Court deems just and equitable.

## COUNT IV
## <u>FLORIDA CIVIL RIGHTS ACT - RETALIATION</u>

38.      Plaintiff realleges and adopts the allegations stated in paragraphs 1 –
17.

39.      Plaintiff suffered an adverse employment action for opposing an
employment practice made unlawful by Florida Statutes Chapter 760.
Specifically, Plaintiff was terminated after opposing discriminatory behavior
toward her and after requesting an accommodation.

40.      The above-described acts of retaliation constitute a violation of
Florida Statutes Chapter 760 for which Defendant is liable.

41.      As a result of Defendant's unlawful retaliation, Plaintiff has suffered
and continues to suffer damages.

WHEREFORE, Plaintiff, EMERAUDE McLEAN, prays for the following
damages against Defendant:

        a.      Back pay and benefits;

        b.      Interest on back pay and benefits;

        c.      Front pay and benefits;

        d.      Compensatory damages;

        e.      Pecuniary and non-pecuniary losses;

        f.      Costs and attorney=s fees;

        g.      Punitive damages; and

       h.     For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

42.    Plaintiff requests a jury trial on all issues so triable.

**DATED:** August 10, 2021.

                        **FLORIN GRAY BOUZAS OWENS, LLC**

                        */s/ Miguel Bouzas*
                        **MIGUEL BOUZAS, ESQUIRE**
                        Florida Bar No.: 48943
                        Primary:    miguel@fgbolaw.com
                        Secondary:  gina@fgbolaw.com
                        **WOLFGANG M. FLORIN, ESQUIRE**
                        Florida Bar No.: 907804
                        wolfgang@fgbolaw.com
                        16524 Pointe Village Drive, Suite 100
                        Lutz, FL 33558
                        Telephone (727) 254-5255
                        Facsimile (727) 483-7942

                        *Trial Attorneys for Plaintiff*